IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH SMITH § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SJ MEDICAL CENTER, LLC d/b/a ST. § <br> JOSEPH MEDICAL CENTER § <br> Defendant. § | CIVIL ACTION NO. 4:25-cv-00410 <br><br> JURY |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, SARAH SMITH ("Smith" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's First Amended Complaint[1], complaining of SJ MEDICAL CENTER, LLC d/b/a ST. JOSEPH MEDICAL CENTER ("St. Joseph" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive/liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Plaintiff Sarah Smith sought leave under the FMLA and Defendant interfered with her rights under the FMLA and terminated her employment as a result of her leave in an act of unlawful retaliation. Plaintiff demands a jury on all issues triable to a jury.

---

[1] The complaint is amended as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1) for the sole purpose of correcting an error in the signature block. The signature block contained an old address for Plaintiff's counsel.

## II. PARTIES

2. Plaintiff Smith is a citizen of the United States and is currently a resident of Houston, Texas.

3. Defendant SJ Medical Center, LLC is a Texas Limited Liability Company doing business as St. Joseph Medical Center. Its primary office is located in Houston, Texas. It may be served with summons by serving its registered agent CT Corp. System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## III. JURISDICTION AND VENUE

4. This action is brought under the FMLA, 29 U.S.C. § 2601 et seq. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. The FMLA interference and retaliation were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. Specifically, at St. Joseph located in Houston, Texas. *See* 28 U.S.C. § 1391(b)(2).

## IV. FACTS

6. Smith was employed by St. Joseph Medical Center since January 2009.

7. Smith worked as a charge nurse.

8. At all times applicable hereto, she was an exemplary employee, fully qualified to perform her job.

9. In addition, at all times applicable hereto, Smith was covered by the Family Medical and Leave Act (FMLA). She worked for St. Joseph Medical Center for at least 12 months and had at least 1,250 hours of service with the employer in the 12 months leading up to her FMLA leave.

10. St. Joseph Medical Center is a covered employer under the FMLA.

11. On November 1, 2024, a social worker at the hospital informed Smith that there was a baby who did not have parents that would go into foster care.

12. The baby was a patient at the hospital and had been in the NICU since August 2024.

13. From time to time, hospital employees, including nurses, would qualify to serve as foster parents for children who were patients at the hospital. This was not an uncommon practice in the local area. It had occurred at St. Joseph Medical Center and other area hospitals, at least six or seven times prior.

14. In conformity with hospital policy, a CPS study was done, and Smith was approved to foster the baby.

15. Protection under the FMLA extends to foster parents/guardians. *See* U.S. Department of Labor Fact Sheet #28Q.

16. On November 13, 2024, Smith's manager Angela Hermez returned from vacation. They discussed the foster plan. Smith mentioned that she would be applying for FMLA. Hermez seemed taken aback at the FMLA request.

17. Smith submitted her FMLA paperwork to the hospital HR department.

18. On November 14, 2024, the same day she requested leave under FMLA, Smith was called into a meeting with Angela Hermez and Jamie Malveux and put on administrative leave.

19. On November 15, 2024, Smith received an email stating that her FMLA leave had been approved. Her leave began on November 18, 2024.

20. On November 20, 2024, Smith received a message (via phone) that her employment was terminated. There was no warning. The reason given was nonsensical (that she had accessed the baby's chart prior to being approved as a foster). As a charge nurse caring for the baby, prior to the foster process, Smith was required to access the baby's chart.

21. The reason for termination provided by St. Joseph was false.

22. Smith was terminated because she sought and received leave under the FMLA. She had no prior write ups, counseling, or disciplinary issues. She was once selected as the Houston Chronicle Nurse of the Year.

23. As a direct and proximate result of Defendant's interference with Smith's FMLA rights and retaliation, Smith has suffered damages in the form of lost pay and benefits (front and back).

24. St. Joseph did not act in good faith and intentionally violated the FMLA. Accordingly, Smith is entitled to recover liquidated damages. *See* 29 U.S.C. § 2617(a)(1)(A)(iii).

## V. INTERFERENCE WITH FMLA RIGHTS (COUNT I)

25. Smith incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

26. Smith was an eligible employee under the FMLA. She submitted a request for leave under the FMLA.

27. Smith was covered by the FMLA in connection with her employment with St. Joseph.

28. Smith was entitled to the leave under FMLA that she requested.

29. Smith gave notice of the leave or otherwise complied with company policy concerning notice and leave.

30. Defendant unlawfully interfered with Smith's rights under the FMLA when they restrained and/or denied the exercise or attempt to exercise her rights under the FMLA. Where acts were committed by employees of the Defendant, the Defendant is liable under *respondeat superior*.

## VI. RETALIATION UNDER FMLA (COUNT II)

31. Smith incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

32. Defendant ultimately interfered with Smith's rights under FMLA, and caused Smith's damages by failing to protect her position as required by the FMLA, and/or terminating her employment for requesting leave under the FMLA in retaliation.

33. Smith was treated less favorably than other employees who had not requested leave under the FMLA.

34. Smith's request for FMLA leave was the reason for her termination.

35. Smith suffered damages as a result of Plaintiff's violation.

## VII. DAMAGES

36. As a result of Defendant's conduct, Smith seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary, bonuses, and benefits; (3) costs of court, expert witness fees, and attorneys' fees; (4) liquidated and/or punitive damages; and (5) other compensatory damages.

37. Additionally, because Defendant's actions were committed maliciously, willfully, and/or with reckless indifference to Smith's state and federally protected rights, Smith is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

38. Smith requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; front pay, including her salary, bonuses, and benefits; compensatory damages; punitive and/or liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Dated: February 4, 2025

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
Attorney-In-Charge
State Bar No. 24077590
Fed. ID No. 1760723
Ashley B. Reilly
State Bar No. 24114999
Fed. ID No. 38442772
12012 Wickchester Ln, Suite 330
Houston, TX 77079
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEYS FOR PLAINTIFF
SARAH SMITH