IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAH SMITH, § | | CIVIL ACTION NO. 4:25-cv-00410 |
| Plaintiff, § | | |
| v. § | | |
| SJ MEDICAL CENTER, LLC d/b/a § ST. JOSEPH MEDICAL CENTER, § | | |
| Defendant. § | | |

**OBJECTION OF THE SHC PLAN ADMINISTRATOR TRUST TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 14]**

The SHC Plan Administrator Trust (the "Plan Trust"), as estate representative and successor in interest to defendant SJ Medical Center, LLC d/b/a, St. Joseph Medical Center ("Defendant"), files this objection ("Objection") to the Magistrate Judge's Report and Recommendation issued on February 13, 2026 (the "Report & Recommendation")[1] and states as follows:

**PRELIMINARY STATEMENT**

Defendant commenced voluntary bankruptcy proceedings in May 2024. In August 2025, the Plan Trust was formed pursuant to the terms of Defendant's confirmed chapter 11 plan, and the Plan Trust was vested with Defendant's remaining assets and liabilities.

The Plan Trust learned of this action, and the Report & Recommendation, via email from the Plaintiff's counsel on February 16, 2026. Upon receipt of this communication, the Plan Trust immediately conducted an investigation and determined that Plaintiff's employment was transferred from Defendant to a purchaser of Defendant's hospital assets prior to the date of the

---

[1] Dkt. No. 14.

1

alleged termination referenced in the amended complaint. Accordingly, Plaintiff has named the incorrect entity as defendant, as Defendant was not her employer at the time of her alleged termination. The Plan Trust's counsel immediately contacted Plaintiff's counsel to discuss how to proceed. Contemporaneously with filing this Objection, the Plan Trust is filing a motion to set aside the entered default and to enlarge the time to file an answer to Plaintiff's amended complaint.

Based on discussions with Plaintiff's counsel, the Plan Trust understands that Plaintiff does not oppose the Plan Trust's motion to set aside the default. Accordingly, in light of the Plan Trust's determination that Defendant is not the correct defendant, the Plan Trust respectfully requests the Court decline to enter default judgment, set aside the Court's entry of default, and authorize the authorize the Plan Trust to file the answer.

## BACKGROUND

*Steward Health Care System, LLC Bankruptcy Proceedings and the St. Joseph Medical Sale*

1. On May 6, 2024 (the "Petition Date"), Steward Health Care System LLC ("Steward") and various debtor affiliates including Defendant (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), commencing the cases jointly administered as *In re Steward Health Care System LLC*, Case No. 24-90213 (Bankr. S.D. Tex.).

2. On October 12, 2024, Defendant issued its final payroll. After October 12, 2024, Plaintiff, and any other employees employed by Defendant became employees of HSA.[2]

3. On October 28, 2024, the Bankruptcy Court entered the *Order (I) Authorizing and Approving (A) the Sale of* St*. Joseph Medical Center, Medical Center of Southeast Texas, and*

---

[2] *See* Declaration of Sarah Stillwell attached hereto as **Exhibit A**.

*South Florida Hospitals Free and Clear of Liens, Claims, Encumbrances, and Interests, and (B) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* (the "HSA Sale Order"), approving the conveyance of St. Joseph Medical Center to an affiliate of Healthcare Systems of America (together with its affiliates, "HSA").[3]

4. The St. Joseph sale closed on October 30, 2024.[4] Pursuant to the St. Joseph sale agreement, HSA assumed all liabilities arising out of the use, ownership or operation of the business, the purchased assets or the facilities first arising after October 30, 2024.[5]

5. On July 11, 2025, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* (as amended and supplemented, the "Plan").[6]

6. On July 25, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming the Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors* (the "Confirmation Order").[7]

7. On August 27, 2025, the Plan Trust filed the *Notice of (I) Plan Trust Establishment Date, (II) Creation of the SHC Plan Administrator Trust, and (II) Filing of Fully Executed Plan Trust Agreement*,[8] which established the Plan Trust pursuant to the Plan.

---

[3] *See In re Steward Health Care System, et al.* ("*In re Steward*"), No. 24-90213, (Bankr. S.D. Tex.), Bankruptcy Court Dkt. No. 3046, *available at* https://restructuring.ra.kroll.com/steward/Home-DocketInfo.
[4] *See In re Steward*, Bankruptcy Court Dkt. No. 5492 at 63-64 *available at* https://restructuring.ra.kroll.com/steward/Home-DocketInfo.
[5] *Id.*
[6] *In re Steward*, Bankruptcy Court Dkt. No. 5492, *available at* https://restructuring.ra.kroll.com/steward/Home-DocketInfo.
[7] *In re Steward*, Bankruptcy Court Dkt. No. 5774, *available at* https://restructuring.ra.kroll.com/steward/Home-DocketInfo.
[8] *In re Steward*, Bankruptcy Court Dkt. No. 5955, *available at* https://restructuring.ra.kroll.com/steward/Home-DocketInfo.

218198336_5

*Plaintiff's FMLA Action*

8.  In her amended complaint, Plaintiff alleges that her employment at St. Joseph Medical Center was terminated on November 20, 2024, which is after St. Joseph Medical Center was transferred by Defendant to HSA and after HSA became responsible for all of the relevant employees.

9.  On January 31, 2025, Plaintiff filed a complaint against Defendant alleging violations under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C § 2601 *et seq*.[9] Thereafter, Plaintiff filed a request for entry of default, which the Court entered on April 15, 2025.[10] Following entry of default, Plaintiff filed a motion for entry of a default judgment against Defendant.[11]

10. On February 13, 2026, the Magistrate Judge issued its Report & Recommendation, recommending that Plaintiff's motion for default judgment be granted in part with respect to a finding that Defendant violated the FMLA.[12] In the Report & Recommendation, the Magistrate Judge also recommends an evidentiary hearing on damages, attorneys' fees and costs.

11. On February 16, 2026, the Plan Trust first learned of Plaintiff's FMLA action when Plaintiff's counsel emailed a copy of the entry of the Report & Recommendation to the Plan Trust's counsel.

---

[9] Dkt. No. 1.
[10] Dkt. Nos. 9, 10.
[11] Dkt. No. 12.
[12] Dkt. No. 14 at 19.

## STANDARD OF REVIEW

12.  A party disagreeing with the magistrate judge's decision may object to the findings or recommendations.[13] After completing its review of the report, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[14]

## OBJECTION

13.  Upon learning of the Report & Recommendation, the Plan Trust has acted promptly to address the default. Defendant is filing contemporaneously with this Objection a motion to set aside the Court's entry of default and to enlarge the time in which Defendant may file an answer. Plaintiff does not oppose this relief.

14.  In light of these developments, including Plaintiff's non-opposition to the removal of the default, and Defendant's meritorious defense based on the determination that it was not Plaintiff's employer at the time of her alleged termination, the Plan Trust requests that the Court decline to enter default judgment.

---

[13] 636(b)(1)(C).
[14] 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

218198336_5

Dated: February 27, 2026

      /s/ *Demetra Liggins*
Demetra Liggins
Attorney-in-Charge
State Bar No. 24026844
Dairanetta S. Spain
State Bar No. 24147319
Texas Tower
845 Texas Ave
24th Floor
Houston, TX 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
Email: dliggins@mcguirewoods.com
      dspain@mcguirewoods.com

-and-

Aaron G. McCollough
Joseph A. Florczak
Jory Berg
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
Email: amccollough@mcguirewoods.com
      jflorczak@mcguirewoods.com
      jberg@mcguirewoods.com

*Counsel for the SHC Plan Administrator Trust*

## Certificate of Service

I hereby certify that on February 27, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

                                                                 */s/ Demetra Liggins*
                                                                 Demetra Liggins

218198336_5