IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARAH SMITH<br>Plaintiff,<br><br>v.<br><br>SJ MEDICAL CENTER, LLC d/b/a ST. JOSEPH MEDICAL CENTER and HEALTHCARE SYSTEMS OF AMERICA<br>Defendants. | §<br>§<br>§   CIVIL ACTION NO. 4:25-cv-00410<br>§<br>§   JURY<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, SARAH SMITH ("Smith" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Second Amended Complaint[1], complaining of SJ MEDICAL CENTER, LLC d/b/a ST. JOSEPH MEDICAL CENTER ("St. Joseph") and HEALTHCARE SYSTEMS OF AMERICA ("HSA") (collectively, "Defendants"), and for cause of action, would show as follows:

### I. INTRODUCTION

1. This action seeks back pay, front pay, compensatory damages, punitive/liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Plaintiff Sarah Smith sought leave under the FMLA and Defendants interfered with her rights under the FMLA and terminated her employment as a result of her leave in an act of unlawful retaliation. Plaintiff demands a jury on all issues triable to a jury.

---

[1] The complaint is amended with written consent pursuant to Fed. R. Civ. P. 15(a)(2).

## II. PARTIES

2.      Plaintiff Smith is a citizen of the United States and is currently a resident of Houston, Texas.

3.      Defendant SJ Medical Center, LLC is a Texas Limited Liability Company doing business as St. Joseph Medical Center. Its primary office is located in Houston, Texas. It may be served with summons by serving its registered agent CT Corp. System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.      Defendant Healthcare Systems of America is a Nevada corporation with its principal office located in Glendale, California. It may be served with summons by serving its registered agent NEVADA MANAGEMENT TEAM LTD., 1468 JAMES RD, Gardnerville, NV, 89460, USA.

## III. JURISDICTION AND VENUE

5.      This action is brought under the FMLA, 29 U.S.C. § 2601 et seq. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6.      The FMLA interference and retaliation were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. Specifically, at St. Joseph located in Houston, Texas. *See* 28 U.S.C. § 1391(b)(2).

## IV. FACTS

7.      Smith was employed by Defendants since January 2009. At some point, in approximately October or November 2025, Defendant HSA became the primary or sole employer.

8.      Smith worked as a charge nurse.

9. At all times applicable hereto, she was an exemplary employee, fully qualified to perform her job.

10. In addition, at all times applicable hereto, Smith was covered by the Family Medical and Leave Act (FMLA). She worked for Defendants for at least 12 months and had at least 1,250 hours of service with the employer in the 12 months leading up to her FMLA leave.

11. Defendants are a covered employer under the FMLA.

12. On November 1, 2024, a social worker at the hospital informed Smith that there was a baby who did not have parents that would go into foster care.

13. The baby was a patient at the hospital and had been in the NICU since August 2024.

14. From time to time, hospital employees, including nurses, would qualify to serve as foster parents for children who were patients at the hospital. This was not an uncommon practice in the local area. It had occurred at St. Joseph Medical Center and other area hospitals, at least six or seven times prior.

15. In conformity with hospital policy, a CPS study was done, and Smith was approved to foster the baby.

16. Protection under the FMLA extends to foster parents/guardians. *See* U.S. Department of Labor Fact Sheet #28Q.

17. On November 13, 2024, Smith's manager Angela Hermez returned from vacation. They discussed the foster plan. Smith mentioned that she would be applying for FMLA. Hermez seemed taken aback at the FMLA request.

18. Smith submitted her FMLA paperwork to the hospital HR department.

19. On November 14, 2024, the same day she requested leave under FMLA, Smith was called into a meeting with Angela Hermez and Jamie Malveux and put on administrative leave.

20. On November 15, 2024, Smith received an email stating that her FMLA leave had been approved. Her leave began on November 18, 2024.

21. On November 20, 2024, Smith received a message (via phone) that her employment was terminated. There was no warning. The reason given was nonsensical (that she had accessed the baby's chart prior to being approved as a foster). As a charge nurse caring for the baby, prior to the foster process, Smith was required to access the baby's chart.

22. The reason for termination provided by Defendants was false.

23. Smith was terminated because she sought and received leave under the FMLA. She had no prior write ups, counseling, or disciplinary issues. She was once selected as the Houston Chronicle Nurse of the Year.

24. As a direct and proximate result of Defendants' interference with Smith's FMLA rights and retaliation, Smith has suffered damages in the form of lost pay and benefits (front and back).

25. Defendants did not act in good faith and intentionally violated the FMLA. Accordingly, Smith is entitled to recover liquidated damages. *See* 29 U.S.C. § 2617(a)(1)(A)(iii).

## V. INTERFERENCE WITH FMLA RIGHTS (COUNT I)

26. Smith incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27. Smith was an eligible employee under the FMLA. She submitted a request for leave under the FMLA.

28. Smith was covered by the FMLA in connection with her employment with St. Joseph.

29. Smith was entitled to the leave under FMLA that she requested.

30. Smith gave notice of the leave or otherwise complied with company policy concerning notice and leave.

31. Defendants unlawfully interfered with Smith's rights under the FMLA when they restrained and/or denied the exercise or attempt to exercise her rights under the FMLA. Where acts were committed by employees of the Defendant, the Defendant is liable under *respondeat superior*.

## VI. RETALIATION UNDER FMLA (COUNT II)

32. Smith incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

33. Defendants ultimately interfered with Smith's rights under FMLA, and caused Smith's damages by failing to protect her position as required by the FMLA, and/or terminating her employment for requesting leave under the FMLA in retaliation.

34. Smith was treated less favorably than other employees who had not requested leave under the FMLA.

35. Smith's request for FMLA leave was the reason for her termination.

36. Smith suffered damages as a result of Plaintiff's violation.

## VII. DAMAGES

37. As a result of Defendants' conduct, Smith seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary, bonuses, and benefits; (3) costs of court, expert witness fees, and attorneys' fees; (4) liquidated and/or punitive damages; and (5) other compensatory damages.

38. Additionally, because Defendants' actions were committed maliciously, willfully, and/or with reckless indifference to Smith's state and federally protected rights, Smith is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

39. Smith requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that upon final trial hereof, this Court enter judgment in favor of Plaintiff, grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; front pay, including her salary, bonuses, and benefits; compensatory damages; punitive and/or liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Dated: March 2, 2026

                                                Respectfully submitted,

                                                THE VERDE LAW FIRM, PLLC

                                                <u>/s/ Joshua A. Verde</u>
                                                Joshua A. Verde
                                                Attorney-In-Charge
                                                State Bar No. 24077590
                                                Fed. ID No. 1760723
                                                12012 Wickchester Ln, Suite 330
                                                Houston, TX 77079
                                                Phone: 713-909-4347
                                                Fax: 713-588-2431
                                                josh@verde-law.com

                                                ATTORNEYS FOR PLAINTIFF
                                                SARAH SMITH

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on the parties/counsel listed below via the Court's CM/ECF system.

                                                  /s/ Joshua A. Verde
                                                  Joshua A. Verde

Demetra Liggins
Dairanetta S. Spain
Texas Tower
845 Texas Ave
24th Floor
Houston, TX 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
Email: dliggins@mcguirewoods.com
dspain@mcguirewoods.com

-and-

Aaron G. McCollough
Joseph A. Florczak
Jory Berg
77 West Wacker Drive Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
Email: amccollough@mcguirewoods.com
jflorczak@mcguirewoods.com
jberg@mcguirewoods.com