**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SARAH SMITH,**<br>**Plaintiff,**<br><br>**v.**<br><br>**HSA ST. JOSEPH, LLC,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:25-cv-00410**<br><br>**JURY DEMANDED** |

**DEFENDANT HSA ST. JOSEPH, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant HSA St. Joseph, LLC ("Defendant" or "St. Joseph"), by and through undersigned counsel, and files this its Answer to Plaintiff Sarah Smith's ("Plaintiff" or "Smith") Third Amended Complaint [ECF No. 35], and, pursuant to Federal Rule of Civil Procedure 8(b), responds to the numbered paragraphs of the Third Amended Complaint using the corresponding paragraph numbers as follows:

## I. INTRODUCTION

**1.** Paragraph 1 consists largely of Plaintiff's narrative characterization of the procedural history of this case, together with legal argument, citations to prior orders and pleadings, and characterizations of correspondence attached as Exhibit 1 and of a pleading filed in an unrelated case attached as Exhibit 2, to which no response is required under Rule 8. To the extent a response is deemed required, Defendant states that the orders, pleadings, and correspondence referenced in Paragraph 1 are documents that speak for themselves, and Defendant denies any characterization of those documents that is inconsistent with their actual content. Defendant specifically denies that it, or any HSA-affiliated entity, engaged in "non-cooperation" with Plaintiff's counsel, denies that it bears any responsibility for the sequence of prior defendants named and dismissed in this action, and denies each and every remaining factual and legal

characterization contained in Paragraph 1 that is not expressly admitted herein. Defendant admits that it was named as a defendant in the Third Amended Complaint filed June 24, 2026 [ECF No. 35], pursuant to the Court's order dated June 22, 2026 [ECF No. 33].

**2.** Paragraph 2 characterizes the nature of Plaintiff's lawsuit and the relief she seeks, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., seeking back pay, front pay, compensatory damages, liquidated and/or punitive damages, attorneys' fees, expert witness fees, taxable costs, and pre- and post-judgment interest, and admits that Plaintiff demands a jury trial. Defendant denies that it interfered with any right of Plaintiff's under the FMLA, denies that it terminated Plaintiff's employment in retaliation for her exercise of any FMLA right, and denies that Plaintiff is entitled to any relief whatsoever.

## II. PARTIES

**3.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 3 regarding Plaintiff's citizenship and current residence, and on that basis denies same.

**4.** Defendant admits that HSA St. Joseph, LLC is a Texas limited liability company doing business as St. Joseph Medical Center, with its primary office located in Houston, Texas, and admits that it may be served with process through its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Defendant denies any remaining allegation in Paragraph 4 and denies any implication of wrongdoing.

## III. JURISDICTION AND VENUE

**5.** Defendant admits that Plaintiff purports to bring this action under the FMLA, 29 U.S.C. § 2601 et seq., and admits that this Court has federal question jurisdiction over properly pleaded FMLA claims pursuant to 28 U.S.C. § 1331. Defendant denies that it violated the FMLA and denies that Plaintiff is entitled to any relief.

**6.** Defendant admits, for venue purposes only, that venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2), because the St. Joseph Medical Center facility referenced in the Complaint is

located in this District and Division. Defendant denies that it engaged in any unlawful interference or retaliation as alleged in Paragraph 6.

## IV. FACTS

**7.** Defendant admits that Plaintiff was employed at the St. Joseph Medical Center facility beginning on or about January 2009, including for periods during which the facility was operated by one or more predecessor entities. Defendant denies any remaining allegation in Paragraph 7.

**8.** Defendant admits that Plaintiff worked as a charge nurse.

**9.** Defendant denies the allegations in Paragraph 9, including the characterizations that Plaintiff was, "at all times applicable," an "exemplary employee" who was "fully qualified to perform her job."

**10.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10, and on that basis denies same.

**11.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11, and on that basis denies same.

**12.** Defendant admits that, in the time period referenced in the Complaint, a patient at the hospital was in need of a foster placement, and that hospital personnel, including a social worker, communicated with Plaintiff regarding that need. Defendant is without sufficient information to admit or deny the precise date and content of that communication as alleged and, on that basis, denies same.

**13.** Defendant admits the allegations in Paragraph 13.

**14.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14, and on that basis denies same.

**15.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 15, and on that basis denies same.

**16.** Paragraph 16 states a legal conclusion regarding the scope of FMLA coverage and cites a U.S. Department of Labor guidance document, to which no response is required. To the extent a response is required, Defendant states that the cited Fact Sheet #28Q speaks for itself, and denies any characterization of it that is inconsistent with its actual terms.

**17.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17, and on that basis denies same.

**18.** Defendant admits that Plaintiff submitted FMLA paperwork to the hospital's Human Resources department.

**19.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19, and on that basis denies same.

**20.** Defendant admits the allegations in Paragraph 20.

**21.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 21, and on that basis denies same..

**22.** Defendant denies the allegations in Paragraph 22 and affirmatively states that the reason given for Plaintiff's termination was true and constituted a legitimate, non-retaliatory reason unrelated to Plaintiff's request for or exercise of any right under the FMLA.

**23.** Defendant is without sufficient information to admit or deny that Plaintiff was previously recognized as "Houston Chronicle Nurse of the Year" and, on that basis, denies same. Defendant denies the remaining allegations in Paragraph 23, including any implication that Plaintiff's disciplinary and performance history precludes the legitimate, non-retaliatory reason for her termination.

**24.** Defendant denies the allegations in Paragraph 24.

**25.** Defendant denies the allegations in Paragraph 25, denies that it acted in bad faith, denies that it intentionally violated the FMLA, and denies that Plaintiff is entitled to liquidated damages or any other relief.

## V. RESPONSE TO INTERFERENCE WITH FMLA RIGHTS (COUNT I)

**26.** Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

**27.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 27, and on that basis denies same.

**28.** Defendant admits that Plaintiff was covered by the FMLA in connection with her employment at the St. Joseph Medical Center facility.

**29.** Defendant admits that Plaintiff's FMLA leave request was approved and that her approved leave began on November 18, 2024. Defendant denies any

allegation or implication that Defendant unlawfully denied Plaintiff any leave to which she was entitled.

**30.** Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 30, and on that basis denies same.

**31.** Defendant denies the allegations in Paragraph 31 in their entirety, including any theory of respondeat superior liability, and denies that it restrained, denied, or otherwise interfered with Plaintiff's exercise or attempted exercise of any right protected by the FMLA.

## VI. RESPONSE TO RETALIATION UNDER FMLA (COUNT II)

**32.** Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.

**33.** Defendant denies the allegations in Paragraph 33.

**34.** Defendant denies the allegations in Paragraph 34.

**35.** Defendant denies the allegations in Paragraph 35 and affirmatively states that Plaintiff's request for FMLA leave was not the reason, or a motivating or determinative factor, in the decision to terminate her employment.

**36.** Defendant denies the allegations in Paragraph 36 and denies that Plaintiff suffered any damages caused by any unlawful act or omission of Defendant.

## VII. RESPONSE TO DAMAGES

**37.** Defendant denies that Plaintiff is entitled to any of the relief described in Paragraph 37, or to any relief whatsoever, as a result of any act or omission of Defendant.

**38.** Defendant denies the allegations in Paragraph 38 in their entirety, including that Defendant acted maliciously, willfully, or with reckless indifference to Plaintiff's rights. Defendant further states that the FMLA does not authorize an award of punitive or exemplary damages, and that any award of liquidated damages is subject to the good-faith defense set forth in 29 U.S.C. § 2617(a)(1)(A)(iii).

## VIII. RESPONSE TO JURY DEMAND

**39.** Defendant admits that Plaintiff has demanded a trial by jury. Defendant likewise demands a trial by jury on all issues so triable, as set forth below.

## IX. RESPONSE TO PRAYER

Defendant denies that Plaintiff is entitled to any of the relief requested in her Prayer, including any award of back pay, front pay, reinstatement, compensatory damages, punitive and/or liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, or pre-judgment and post-judgment interest, and respectfully requests that the Court deny all relief requested in the Third Amended Complaint and enter judgment in favor of Defendant.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's Third Amended Complaint, including all allegations set forth in headings, introductory paragraphs, and prayers for relief, and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Third Amended Complaint not expressly admitted above, and without assuming any burden of proof or persuasion not otherwise imposed on Defendant by law, Defendant asserts the following affirmative and other defenses. By setting forth these defenses, Defendant does not concede that it bears the burden of proof or persuasion on any of these issues where the law places that burden on Plaintiff. Defendant reserves the right to amend, supplement, or withdraw any defense as discovery proceeds.

**1.** The Third Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**2.** Any employment action taken with respect to Plaintiff, including the decision to terminate her employment, was based upon legitimate, non-discriminatory, and non-retaliatory business reasons wholly unrelated to Plaintiff's request for, or exercise of, any right protected by the FMLA, including Plaintiff's unauthorized access to a patient's medical record before she had been approved to serve as that patient's foster parent, in violation of Defendant's policies governing access to patient records.

**3.** Defendant would have made the same employment decision(s) with respect to Plaintiff, including the decision to terminate her employment, regardless of and irrespective of Plaintiff's request for or exercise of FMLA leave.

**4.** Plaintiff's request for or exercise of rights under the FMLA was not a motivating factor, a determinative factor, or a "but for" cause of any adverse employment action taken with respect to Plaintiff.

**5.** Pursuant to 29 U.S.C. § 2614(a)(3)(B) and 29 C.F.R. § 825.216, Plaintiff was not entitled to restoration to her former or an equivalent position because she would not otherwise have remained employed during or at the conclusion of her requested leave, for reasons unrelated to her exercise of FMLA rights.

**6.** Defendant at all times acted in good faith and had reasonable grounds for believing that its conduct toward Plaintiff was not a violation of the FMLA. Accordingly, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is not entitled to an award of liquidated damages or, in the alternative, the Court should exercise its discretion to reduce or eliminate any such award.

**7.** To the extent Plaintiff seeks damages not recoverable under the FMLA, Plaintiff is barred from such recovery. Specifically, the FMLA does not authorize an award of punitive, exemplary, or treble damages, and Plaintiff's claim for such relief is barred as a matter of law.

**8.** Plaintiff's claimed damages, if any, are barred or must be reduced to the extent Plaintiff failed to exercise reasonable diligence to mitigate her damages, including by failing to seek, accept, or retain comparable employment.

**9.** Any damages recoverable by Plaintiff, which Defendant denies, must be offset or reduced by interim earnings, unemployment compensation, or other amounts Plaintiff received, or could have received through reasonable diligence, during the relevant back-pay and front-pay periods.

**10.** Plaintiff's alleged damages, if any, were not proximately caused by any act or omission of Defendant.

**11.** To the extent discovery reveals that Defendant was not Plaintiff's "employer" as that term is defined at 29 U.S.C. § 2611(4) and 29 C.F.R. § 825.104-.106 at the times relevant to the allegations in the Third Amended Complaint, Plaintiff's claims against Defendant are barred, and Defendant reserves all rights to seek dismissal, joinder, or substitution of the proper party under Fed. R. Civ. P. 12, 15, 19, 20, and/or 21.

**12.** Plaintiff is not entitled to recover attorneys' fees, expert witness fees, or taxable costs because she is not, and will not be, a prevailing party in this action.

**13.** Plaintiff's claims are barred, in whole or in part, by the fact she was terminated for violations of Employer's written policies.

**14.** Defendant invokes the defenses, protections and limitations of FMLA.

**15.** Defendant did not know or show reckless disregard for whether its conduct was prohibited by the FMLA.

**16.** Defendant's actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor

**17.** Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserves the right to assert, and to seek leave of Court to add, additional affirmative defenses that become evident through discovery or further investigation.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant HSA St. Joseph, LLC demands a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Third Amended Complaint, Defendant HSA St. Joseph, LLC respectfully prays that the Court: (a) enter judgment that Plaintiff take nothing by this action; (b) dismiss the Third Amended Complaint with prejudice; (c) award Defendant its costs of court and, to the extent permitted by law, its reasonable attorneys' fees; and (d) grant Defendant such other and further relief, at law or in equity, to which it may show itself justly entitled.

**Dated: August 28, 2026**

**Respectfully submitted,**

**EDWARDS SUTARWALLA SAMANI LLP**

/s/ [signature]

Murtaza F. Sutarwalla
State Bar No. 24056398
Fed. Id. No. 2589991
**Attorney in Charge**

**Of Counsel**
Mansoor Broachwala
Illinois State Bar No. 6326633
Fed. Id. No. 3943228

602 Sawyer St., Suite 490
Houston, Texas 77007
Office: 713-565-1353
Fax :713-583-8715
Email: murtaza@esslawpartners.com
Email: mansoor@esslawpartners.com

**ATTORNEYS FOR DEFENDANT**
**HSA ST. JOSEPH, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2026, a true and correct copy of the foregoing document was served on all parties and counsel of record who have made an appearance via the Court's CM/ECF electronic filing system.

/s/ M. F. Sutarwalla
______________________
Murtaza F. Sutarwalla